STEVEN A. GIBSON, ESQ.
Nevada Bar No. 6656
sgibson@righthaven.com
J. CHARLES COONS, ESQ.
Nevada Bar No. 10553
ccoons@righthaven.com
Righthaven LLC
9960 West Cheyenne Avenue, Suite 210
Las Vegas, Nevada 89129-7701
(702) 527-5900
Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| RIGHTHAVEN LLC, a Nevada limited-liability company,<br><br>Plaintiff,<br><br>v.<br><br>KILLERFROGS.COM INC., a Texas domestic for-profit corporation,<br><br>Defendant. | Case No.: 2:10-cv-0635<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

Righthaven LLC ("Righthaven") complains as follows against KillerFrogs.com Inc. ("Killer Frogs"), a Texas domestic for-profit corporation, on information and belief:

## NATURE OF ACTION

1. This is an action for copyright infringement pursuant to 17 U.S.C. §501.

## PARTIES

2. Righthaven is, and has been at all times relevant to this lawsuit, a Nevada limited-liability company with its principal place of business in Nevada.

1

3. Righthaven is, and has been at all times relevant to this lawsuit, in good standing with the Secretary of State of Nevada.

4. Killer Frogs is, and has been at all times relevant to this lawsuit, the owner of the Internet domain www.killerfrogs.com (the "Website").

## JURISDICTION

5. This Court has original subject matter jurisdiction over this copyright infringement action pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1338(a).

6. Killer Frogs purposefully directs activities at Nevada residents, which activities have resulted in the copyright infringement alleged herein.

7. Killer Frogs purposefully directs and effectuates the unauthorized reproduction of Righthaven-owned copyrighted works at the Website.

8. The Killer Frog's unauthorized reproduction of Righthaven-owned copyrighted works found on the Website is purposefully targeted to Nevada residents.

9. Killer Frogs copied, on an unauthorized basis, the literary work entitled "Willis' high output nets lofty praise" (the "Infringement"), attached hereto as Exhibit 1, from a source emanating from Nevada.

10. On or about January 24, 2010, Killer Frogs displayed and continues to display the Infringement on the Killer Frogs Website.

11. The Killer Frog's display of the Infringement was and is purposefully directed at Nevada residents.

12. Killer Frogs copied, on an unauthorized basis, the literary work entitled "Oddsmakers wary of siding with favored Mountain West teams," attached hereto as Exhibit 2 (the "Oddsmakers Article"), from a source emanating from Nevada.

13. On or about March 15, 2010, Killer Frogs displayed and continues to display the Oddsmakers Article on the Killer Frogs Website.

14. The Killer Frog's display of the Oddsmakers Article was and is purposefully directed at Nevada residents.

15. The Killer Frog's contacts with Nevada are systematic and continuous because Killer Frogs regularly copies content emanating from Nevada, originally published in Nevada based newspapers and periodicals.

16. The Killer Frog's contacts with Nevada are systematic and continuous because Killer Frogs regularly reproduced and reproduces, on the Website, content originally published in Nevada based newspapers and periodicals.

17. The Killer Frog's contacts with Nevada are systematic and continuous because Killer Frogs publishes and republishes content relating to Nevada collegiate sports teams within the Mountain West Conference, the same collegiate conference as Texas Christian University.

## VENUE

18. The United States District Court for the District of Nevada is an appropriate venue, pursuant to 28 U.S.C. §1391(b)(2), because a substantial part of the events giving rise to the claim for relief are situated in Nevada.

19. The United States District Court for the District of Nevada is an appropriate venue, pursuant to 28 U.S.C. §1391(b)(3) and § 1400(a), because Killer Frogs may be found in Nevada.

20. The United States District Court for the District of Nevada is an appropriate venue, pursuant to 28 U.S.C. §1391(c), because the Killer Frogs is subject to personal jurisdiction in Nevada.

## FACTS

21. Righthaven is the copyright owner of the literary work entitled "Willis' high output nets lofty praise" (the "Work"), attached hereto as Exhibit 3.

22. The Work was originally published on January 24, 2010.

23. The Work constitutes copyrightable subject matter, pursuant to 17 U.S.C. §102(a)(1).

24. On April 21, 2010, the United States Copyright Office (the "USCO") granted Righthaven the registration to the Work, copyright registration number TX0007130511 (the "Registration") and attached hereto as Exhibit 4 is evidence of the Registration in the form of a printout of the official USCO database record depicting the occurrence of the Registration.

25. As of April 28, 2010, Killer Frogs owns the Website domain.

26. As of April 28, 2010, Killer Frog's agent, Mr. Wes Phelan, is identified, by the current domain registrar, Network Solutions, LLC, as the administrative contact for the Website.

27. As of April 28, 2010, Killer Frog's agent, Mr. Matthew Walters, is identified, by the current domain registrar, Network Solutions, LLC, as the technical contact for the Website.

28. At all times relevant, Killer Frogs had and has maintained beneficial control of the Website.

29. At all times relevant, Killer Frogs, or Killer Frog's agents, have and had maintained the administrative duties to add to, delete from and arrange content on the Website.

30. No later than January 24, 2010, Killer Frogs reproduced an unauthorized copy of the Work on the Website.

31. No later than January 24, 2010, Killer Frogs displayed the Infringement on the Website.

32. As of April 28, 2010, Killer Frogs continues to display the Infringement on the Website.

33. Killer Frogs did not seek permission, in any manner, to reproduce, display, or otherwise exploit the Work.

34. Killer Frogs was not granted permission, in any manner, to reproduce, display, or otherwise exploit the Work.

**CLAIM FOR RELIEF: COPYRIGHT INFRINGEMENT**

35. Righthaven repeats and realleges the allegations set forth in Paragraphs 1 through 34 above.

36. Righthaven holds the exclusive right to reproduce the Work, pursuant to 17 U.S.C. §106(1).

37. Righthaven holds the exclusive right to prepare derivative works based upon the Work, pursuant to 17 U.S.C. §106(2).

38. Righthaven holds the exclusive right to distribute copies of the Work, pursuant to 17 U.S.C. §106(3).

39. Righthaven holds the exclusive right to publicly display the Work, pursuant to 17 U.S.C. §106(5).

40. Killer Frogs reproduced the Work, in derogation of Righthaven's exclusive rights under 17 U.S.C. §106(1).

41. Killer Frogs created an unauthorized derivative of the Work, in derogation of Righthaven's exclusive rights under 17 U.S.C. §106(2).

42. Killer Frogs distributes unauthorized reproductions of the Work, via the Website, in derogation of Righthaven's exclusive rights under 17 U.S.C. §106(3).

43. Killer Frogs publicly displays an unauthorized reproduction of the Work at the Website, in derogation of Righthaven's exclusive rights under 17 U.S.C. §106(5).

44. Killer Frogs has willfully engaged in the copyright infringement of the Work.

45. The Killer Frog's acts as alleged herein, and the ongoing direct results of those acts, have caused and will continue to cause irreparable harm to Righthaven in an amount Righthaven cannot ascertain, leaving Righthaven with no adequate remedy at law.

46. Unless Killer Frogs is preliminarily and permanently enjoined from further infringement of the Work, Righthaven will be irreparably harmed, and Righthaven is thus entitled to preliminary and permanent injunctive relief against further infringement by Killer Frogs of the Work, pursuant to 17 U.S.C. §502.

**PRAYER FOR RELIEF**

Righthaven requests that this Court grant Righthaven's claim for relief herein as follows:

1. Preliminarily and permanently enjoin and restrain Killer Frogs, and the Killer Frog's officers, agents, servants, employees, attorneys, parents, subsidiaries, related companies, partners, and all persons acting for, by, with, through, or under Killer Frogs, from directly or indirectly infringing the Work by reproducing the Work, preparing derivative works based on the Work, distributing the Work to the public, and/or displaying the Work, or ordering, directing, participating in, or assisting in any such activity;

2. Direct Killer Frogs to preserve, retain, and deliver to Righthaven in hard copies or electronic copies:

   a. All evidence and documentation relating in any way to the Killer Frog's use of the Work, in any form, including, without limitation, all such evidence and documentation relating to the Website;

   b. All evidence and documentation relating to the names and addresses (whether electronic mail addresses or otherwise) of any person with whom Killer Frogs has communicated regarding the Killer Frog's use of the Work; and

   c. All financial evidence and documentation relating to the Killer Frog's use of the Work;

3. Direct Network Solutions, LLC, and any successor domain name registrar for the Website domain, to lock the Website domain and transfer control of the Website domain to Righthaven;

4. Award Righthaven statutory damages for the willful infringement of the Work, pursuant to 17 U.S.C. §504(c);

5. Award Righthaven pre- and post-judgment interest in accordance with applicable law; and

6. Grant Righthaven such other relief as this Court deems appropriate.

## **DEMAND FOR JURY TRIAL**

Righthaven requests a trial by jury pursuant to Fed.R.Civ.P. 38.

Dated this fourth day of May, 2010.

                        RIGHTHAVEN LLC

                        By: /s/ J. Charles Coons
                        STEVEN A. GIBSON, ESQ.
                        Nevada Bar No. 6656
                        J. CHARLES COONS, ESQ.
                        Nevada Bar No. 10553
                        9960 West Cheyenne Avenue, Suite 210
                        Las Vegas, Nevada 89129-7701
                        Attorneys for Plaintiff